Present—DAVIS, P. J., BRADY and DANIELS, JJ.

Order reversed, without costs.

---

DANIEL H. BALDWIN, APPELLANT, *v.* ANNABELLA S. PERRY, RESPONDENT.

*Code of Civil Procedure,* § 2434 — *authorizes supplementary proceedings to be instituted in New York city, in the Supreme Court, in an action therein.*

Section 2434 of the Code of Civil Procedure confers ·power to institute supplementary proceedings before a judge of the supreme court in the city of New York in an action in which an execution has issued out of that court.

APPEAL by the plaintiff from an order made in proceedings supplementary to execution by a justice of the Supreme Court in the city of New York, in an action in said court.

*C. F. Wells,* for the appellant.

*E. T. Rice,* for the respondent.

DAVIS, P. J. :

The motion in this case was disposed of by the court below as follows : " It is ordered that such application be and the same is hereby denied, on the ground that under section 2434 of the Code of Civil Procedure this court has no jurisdiction in supplementary proceedings." The learned judge at Special Term, in a brief note, assigned the following as the reason for his decision : " Motion denied, on the ground that by the decision of Mr. Justice DONOHUE it was held that this court has no jurisdiction in cases of supplementary proceedings."

It is apparent that none of the suggestions of irregularity or insufficiency of the papers on which the motion was founded now presented by the appellant's counsel, were considered and passed upon by the court below. We therefore think it our duty to confine our decision to the single question upon which that court passed. Section 2432 of the Code provides for three distinct remedies by proceedings supplementary to execution against property, and section 2434, under which the question in this case arises, specifies the judges before whom such proceedings may be instituted and conducted. Its language is as follows:

"Either special proceeding may be instituted before a judge of the court out of which, or the county judge, or the special county judge of the county to which the execution was issued, or where it was issued to the city and county of New York from a court other than the Marine Court of that city, before a judge of the Court of Common Pleas for that city and county. Where the execution was issued out of a court other than the Supreme Court, and it is shown, by affidavit, that each of the judges before whom the special proceeding might be instituted, as prescribed in this section, is absent from the county, or, for any reason, unable or disqualified to act; the special proceeding may be instituted before a justice of the Supreme Court. In that case, if he does not reside within the judicial district embracing the county to which the execution was issued, the order made or warrant issued by him must be returnable to a justice of the Supreme Court residing in that district, or the county judge, or the special county judge, of that or an adjoining county, as directed in the order or warrant."

We are at a loss to see any difficulty in ascertaining the true sense and intention of this section. It was intended to confer jurisdiction of either of the proceedings specified in section 2432 upon the judges of several different courts, and to define the case in which such jurisdiction might be exercised by some of them. To do this it first declares in very general terms that either special proceeding may be instituted before *a judge of the court out of which the execution was issued.* This broad language embraces every court of record authorized to enforce its judgments by execution against property, and the phrase "judge of the court," is used, as it is in various other sections of the same title, in its

general sense and without regard to the question whether the title of such judge is technically that of justice or judge. This general power to *institute* the proceedings, conferred upon a judge of the court out of which the execution was issued, is nowhere limited by the section. But provision is afterwards made in some cases which are specified for the further conduct of the proceedings before another judge. The same clause of the section provides also that either special proceeding may be instituted before " a county judge or special county judge of the county to which the execution was issued." This power also is general; and in all counties of the State where the office of county judge or of special county judge exists, such judge is clothed with authority to institute the proceeding whenever the execution is issued to his county. But this latter provision would not affect the city and county of New York, because in that city there is no county judge or special county judge, and so it was thought necessary to provide that the judges of a local court standing in place of the county judge or special county judges of other counties, should be clothed with the same jurisdiction. It was, therefore, enacted that where the execution was issued to the city and county of New York, from a court other than the Marine Court of that city, a special proceeding may be instituted before a judge of the Court of Common Pleas for the city and county of New York. This undoubtedly gives to the judges of the Court of Common Pleas power to institute supplementary proceedings in all cases where the execution has been issued to the city and county of New York from any court other than the Marine Court of that city. All proceedings founded upon judgments of the Marine Court, are left to be enforced by the judges of that court, under the power conferred by the first clause of the section which declares that either special proceeding may be instituted before a judge of the court out of which the execution was issued, but with that exception the section gives a general power to the judges of the Court of Common Pleas in all cases of judgments upon which the execution is issued to the city and county of New York. The exercise of that power may be restricted somewhat by questions of residence and jurisdiction of the person as specified in subsequent sections, but those questions are not now under consideration. The next section provides for cases where the execu-

tion is issued out of a court other than the Supreme Court, and it is shown that each of the judges before whom the proceeding might be instituted, as prescribed in this section, is absent from the county or for any reason unable or disqualified to act. In such a case it is provided that the proceeding may be instituted before a justice of the Supreme Court. The objects of this provision are too plain to require comment. The residue of the section provides for cases where the justice of the Supreme Court, before whom the proceeding is instituted in the case just mentioned, does not reside within the judicial district embracing the county to which the execution was issued. In that case the order made by him must be returnable to a justice of the Supreme Court residing in that district, or to the county judge or special county judge of that, or of an adjoining county, as may be directed in the order. The system of section 2434 seems to be very plain. It is to confer power to institute the proceedings :

*First.* Before any judge of the court out of which the execution was issued.

*Second.* Before any county judge or special county judge of any county to which the execution was issued.

*Third.* Before any judge of the Court of Common Pleas in and for the city and county of New York, where the execution was issued to the city and county of New York out of any court other than the Marine Court of that city ; and,

*Fourth.* To provide for cases where the execution is issued out of a court other than the Supreme Court, and each of the judges before whom the special proceedings might be instituted, as previously prescribed in the section, is absent from the county, or, for any reason, unable or disqualified to act, by authorizing the proceedings in such cases to be instituted before a justice of the Supreme Court, and directing where the subsequent steps in the proceeding shall be taken in cases in which the party proceeded against does not reside within the judicial district embracing the county to which the execution was issued.

All these various parts of the section are harmonious and consistent with each other, and offer no occasion for construction, or as it seems to us, for reasonable doubt. In the case before us the action was in the Supreme Court. Execution had been issued and

returned, and proceedings supplementary taken under which a receiver was appointed in that court. The learned judge was, in our opinion, fully authorized by the Code to grant the motion made before him. The decision upon which he relied in denying the motion was erroneous, and the order must be reversed, with ten dollars costs and disbursements.

BRADY, J., concurred.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Order reversed, with ten dollars costs and disbursements.